Michael A. Urban, OSB No. 165563
Nathan R. Ring, OSB No. 172663
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST,<br><br>    Plaintiffs,<br><br>    v.<br><br>SILVERTON GLASS, LLC, an Oregon Limited Liability Company; WENDELL LYNN JAMES d/b/a SILVERTON GLASS SG1, an individual; and WAYNE KAIEBU NEWSON, an individual,<br><br>    Defendants. | CASE NO:<br><br><br>**COMPLAINT**<br>**[BREACH OF COLLECTIVE BARGAINING AGREEMENT AND ERISA]** |

Plaintiffs allege as follows:

**I.**

**THE PARTIES**

1.  Plaintiffs are the Trustees of the Employee Painters' Trust ("EPT").

2.  EPT is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).

Page 1 - COMPLAINT

3. International Union of Painters and Allied Trades, District Council 5 ("Union") is a labor organization with its principal office and place of business in King County, Washington, but it maintains district offices in Portland, Oregon, which is within this judicial district.

5. Defendant SILVERTON GLASS, LLC ("Defendant Silverton") is an Oregon limited liability company. At all times material to this proceeding, Defendant Silverton has been an "employer" as that term is defined under 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

6. At all times material to this proceeding, Defendant Wayne Kaiebu Newson ("Defendant Newson") has been the managing member and responsible owner of Defendant Silverton and is a resident of Oregon.

7. At all times material to this proceeding, Defendant Wendell Lynn James ('Defendant James") has operated as Silverton Glass SG1 ("Defendant SG1") and is a resident of Oregon.

## II

## JURISDICTION

8. The Court has jurisdiction over the First Claim for Relief brought by EPT against Defendant Silverton for violation of collective bargaining and trust agreement pursuant to the provisions of 29 U.S.C. § 1132(e)(1) and 1145 of ERISA.

9. The Court has jurisdiction over the Second Claim for Relief brought by EPT under ERISA provisions, 29 U.S.C. §§ 1132(a)(3) and 1145.

10. The Court has jurisdiction over the Third Claim for Relief brought by EPT under 29 U.S.C. § 1132(a)(3).

11. The Court has jurisdiction over the Fourth Claim for Relief brought by EPT under 29 U.S.C. § 1132(e)(1).

12. At all times material to this proceeding, written collective bargaining agreements existed between the Union and Defendants Silverton and SG1. The collective bargaining agreements cover employees in an industry affecting commerce, and the activities of Defendants Silverton and SG1 affect commerce. The Court has jurisdiction over the Claims for Relief brought by Plaintiffs against Defendants Silverton, SG1 and Defendant Newson pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

## III

## JOINDER

13. The obligations of Defendant Silverton, Defendant SG1, and Defendant Newson to Plaintiffs arise out of collective bargaining agreements. Common questions of law and fact govern the claims that the Plaintiff have against all Defendants.

/ / /


/ / /

# IV

## COMMON FACTUAL ALLEGATIONS

14. At all times material to this proceeding, Defendants Silverton and SG1 have been bound by written collective bargaining agreements with the Union. Under the terms of the collective bargaining agreements, Defendants Silverton and SG1 agreed to be bound by the terms and conditions of the Trust Agreement that created EPT. Defendants Silverton and SG1 further agreed to pay fringe benefit contributions on behalf of their employees performing work covered under the collective bargaining agreement to EPT. Defendants Silverton and SG1 further agreed to file monthly remittance report forms and to pay fringe benefit contributions to EPT by the 20th day of the month following the month in which the work was performed.

15. The Trust Agreement that created EPT provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid in full at the rate of twelve percent (12%) per annum.

16. The Trust Agreement that created EPT provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages at the rate of one percent (1%) of the unpaid contributions per month from the due date until paid in full, with liquidated damages to accrue up to 20% if delinquent for 20 months, or $100.00, whichever is greater.

V

## FIRST CLAIM FOR RELIEF

### (Breach of CBA and Trust Agreements – Against Silverton and SG1)

17. The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

18. EPT is entitled to recover its reasonable attorneys' fees from Defendants Silverton and SG1 pursuant to the provisions of 29 U.S.C. §1132(g)(2) of ERISA. The statute also entitles EPT to recover interest and liquidated damages.

19. Silverton and SG1 were required to submit their monthly fringe benefit contribution reports to EPT by the 20th day of each month. Neither employer submitted its reports for the September and October work months.

20. The employers' September and October work months reports remain outstanding.

21. The employers also failed to submit accurate reports and payments for the November and December 2019 work months.

22. In order to determine amounts owed by the employers, EPT relied on paystubs collected from some of the employees of Silverton and SG1. These pay stubs are an incomplete representation of the work performed by all covered employees of Silverton and SG1, but at the time of filing of this complaint, at least $6,372.94 is known to be owed in contributions by the employers.

23. In addition to the known amount of unpaid contributions, liquidated damages and interest are owed on those amounts.

THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087 Fax: (702) 968-8088

24.     It was necessary for EPT to retain The Urban Law Firm to prosecute this action on its behalf. Under the collective bargaining agreements, trust agreement and 29 U.S.C. 1132(g)(2), EPT is entitled to collect the amount it expends on attorney's fees and costs in this action.

## VI

## SECOND CLAIM FOR RELIEF

### (Violation of 29 U.S.C. § 1145)

25.     The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

26.     By failing to report and pay contributions to the Plaintiffs in accordance with the CBA and Trust Agreements, Defendants Silverton and SG1 have violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the Labor Agreements and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, and costs incurred in enforcing the terms of the CBA and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

27.     The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their participants and beneficiaries.

28.     The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for Defendant Silverton's and Defendant SG1's violation.

## VII.

## THIRD CLAIM FOR RELIEF

### (Compelling Audit of Payroll Records Under ERISA)

29. The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

30. The collective bargaining agreements and trust agreement permit EPT to conduct compliance audits of Silverton and SG1 to ensure proper reporting to the trust funds.

31. Under 29 U.S.C. 1132(a)(3), a plan fiduciary, such as the Trustees of EPT, can obtain equitable relief from this court for violations of ERISA.

32. Under *Central States*, the U.S. Supreme Court long ago recognized the audit rights of multiemployer funds, such as EPT, to conduct contract compliance audits.

33. It is necessary for EPT to conduct a contract compliance audit of Silverton and SG1 to confirm all amounts due to EPT.

34. EPT requests the Court order Silverton and SG1 to comply with a contract compliance audit under the collective bargaining agreements, trust agreement, and ERISA.

35. Under the collective bargaining agreements, trust agreement and ERISA, EPT is entitled to recover its attorney's fees and costs incurred in compelling this audit. It has been necessary for EPT to retain The Urban Law Firm to prosecute this action on its behalf.

/ / /

/ / /

## VIII.

## FOURTH CLAIM FOR RELIEF

**(Breach of Contract Against Defendants Newson and James/SG1)**

36.     The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

37.     The Trust Agreement that created EPT provides that in the event an employer, such as Defendants Silverton SG1, fail to pay all required contributions to EPT, the president, the treasurer, and any other corporate officer who is responsible for the payment of health contributions to EPT shall be individually liable for the payment of the health contributions, liquidated damages, interest, attorneys' fees and court costs.

38.     Based on the terms of the Trust Agreement that created EPT, Defendants Newson and SG1/James, as the responsible officers of Defendants Silverton and SG1, are personally liable for the health contributions owed to EPT for the period at issue in this matter, plus liquidated damages and interest on the unpaid health contributions, with interest continuing to accrue at the rate of 12% per annum from the due date through entry of judgment, together with EPT's attorney fees and court costs incurred herein.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

1.      On the **First Claim for Relief**, requiring Defendants Silverton and SG1 to pay the Trust Fund contributions, liquidated damages, interest and attorneys' fees and costs.

2.      On the **Second Claim for Relief**, requiring Defendants Silverton and SG1 to pay damages under 29 USC 1132(g)(2) and 29 U.S.C. § 1145.

THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087 Fax: (702) 968-8088

3.      Defendants Silverton and SG1 are also liable to the Trust Funds under the CBA, Trust Agreements, and 29 U.S.C. 1132(g)(2) for the Plaintiffs' attorney's fees and costs incurred.

4.      On the **Third Claim for Relief,** EPT is entitled to an order compelling Silverton and SG1 to submit their payroll and related records to EPT for completion of an audit.

5.      On the **Fourth Claim for Relief**, EPT is entitled to recover unpaid contributions, liquidated damages, interest, and attorney's fees and costs from Defendants Newson and James/SG1 in the same amount EPT may recover from Silverton and SG1.

6.      Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial or through dispositive motion.

DATED this 4th day of June, 2020.

**The Urban Law Firm**

*/s/ Nathan R. Ring*
Michael A. Urban, OSB No. 165563
Nathan R. Ring, OSB No. 172663
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com
*Attorneys for Plaintiffs*